IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

GREGORY LEON HAMMER,      )
      Petitioner,           )     Civil Action No. 7:22cv00609
                            )
v.                        )
                            )     By:  Elizabeth K. Dillon
HAROLD W. CLARKE,        )         United States District Judge
      Respondent.       )

**DISMISSAL ORDER**

Gregory Leon Hammer, a Virginia inmate proceeding *pro se*, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. 2254, challenging his 2020 convictions and 12-year sentence in Waynesboro Circuit Court.  He alleges prosecutorial misconduct, denial of his right of self-representation and preparation for trial, insufficient evidence to support convictions, and lack of authority to vacate a nolle pros.[1] order.  However, Hammer has not exhausted his state court remedies regarding these claims.  Accordingly, the court must summarily dismiss the case without prejudice under Rule 4 of the Rules Governing Section 2254 Cases.

A federal court may not grant a § 2254 petition unless the petitioner has properly exhausted the remedies available in the courts of the state in which the petitioner was convicted. To exhaust his state remedies, a petitioner must present his claims to the highest state court with jurisdiction to consider them.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  The exhaustion doctrine promotes principles of finality, comity, and federalism, recognizing a state's legitimate interests in enforcing its laws, preventing disruption of state judicial proceedings, and allowing

---

[1] "Nolle pros.," a shortened form of the Latin phrase "nolle prosequi," refers to the Commonwealth's motion to drop charges without restriction on the ability to re-file the charges later. The nolle pros. order is the court order granting the motion and dismissing the case.

states the first opportunity to address and correct alleged violations of a state prisoner's rights. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991).

In this case, Hammer has presented his claims to the Supreme Court of Virginia on direct appeal.  However, when the § 2254 petition in this case was filed, on or about October 19, 2022, the matter was still pending before the high court on Hammer's motion for rehearing on direct appeal, which means that the matter was not fully exhausted.  When a petitioner files in federal court while he still has state proceedings in which to litigate his habeas claims, the federal court should dismiss the petition without prejudice.  *See Slayton v. Smith*, 404 U.S. 53, 54 (1971). "The appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed, not when it comes on for a hearing in the district court."  *E.g., Brown v. Maass*, 11 F.3d 914, 915 (9th Cir. 1993).

It now appears from records online that the Supreme Court of Virginia issued its final order on November 21, 2022.  Hammer may now re-file his federal petition if he is inclined to do so.  *Salama v. Commonwealth*, 605 F.2d 1329, 1330 (4th Cir. 1979).  Hammer is advised to consider the statute of limitations and whether he has unexhausted issues to raise in state postconviction proceedings before seeking federal relief.[2]

---

[2]  The limitations period for filing a § 2254 petition concerning a state court judgment begins to run from the latest of four possible dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

For the reasons stated above, Hammer's petition is summarily **DISMISSED WITHOUT PREJUDICE** because he had not exhausted his available state court remedies when his petition was filed.  Hammer's motion for leave to proceed *in forma pauperis* is **DENIED** at this time as moot.  The Clerk is directed to **STRIKE** this matter from the active docket of this court.  The Clerk is further directed to mail a copy of this order to Mr. Hammer.

Entered: December 7, 2022.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

---

28 U.S.C. § 2244(d)(1).  Further, § 2242(d)(2) provides that periods of time during which a "properly filed application for State postconviction or other collateral review with respect to the pertinent judgment is pending shall not be counted towards any period of limitation under § 2244(d)(1)."